IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Darlee Newhoff and Jacqueline Newhoff, individually and as the Co-Personal Representatives of the Estate of Dallas Newhoff, deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )     **REPORT AND RECOMMENDATION** |
| vs. | )<br>) |
| R.J. Corman Railroad Group, LLC, James Samuelson, d/b/a Samuelson Painting & Construction, John Doe I-X, Jane Roe I-X and William Germand Trust, | )<br>)<br>)<br>)     Case No. 4:15-cv-123 |
| Defendants. | )<br>) |

Plaintiffs initiated the above-entitled action on September 8, 2015, with the filing of a complaint. The Clerk's office issued summonses that same day.

On October 27, 2015, Plaintiffs and Defendants R.J. Corman Railroad Group, LLC (hereinafter referred to as "R.J. Corman") and James Samuelson d/b/a Samuelson Painting & Construction (hereinafter "Samuelson") filed a "Stipulation of Dismissal without Prejudice." On October 28, 20165, Judge Hovland issued an order adopting the stipulation and dismissing in their entirety plaintiffs' claims against R.J. Corman and Samuelson.

To date the summons for Defendant William Germand Trust (hereinafter referred to as "the Trust") has not been returned executed. Thus, it is unclear whether the Trust has been served. In any event, no one has appeared on behalf of the Trust or filed a responsive pleading on its behalf.

On March 1, 2016, the undersigned issued an order for plaintiffs to show cause on or before May 2, 2016, why its claims against the Trust should not be dismissed for failure to prosecute.

1

Plaintiffs' deadline to show cause has now lapsed and they have not responded to the undersigned's directive. Consequently, the undersigned **RECOMMENDS** that the court on its own motion **DISMISS** plaintiffs' claims against the Trust without prejudice. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court–on motion or its own after notice to plaintiff–must dismiss the action without prejudice or order that serve be made within a specified date."); see also Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) ("District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and we review the exercise of this power for abuse of discretion."); Fed. R. Civ. P. 41 (b). Additionally, while plaintiffs in certain circumstances are entitled to proceed against "John Doe" defendants, the undersigned further **RECOMMENDS** that the court **DISMISS** the remainder of this action without prejudice unless, in response to this Report and Recommendation, plaintiffs shows cause why the entire case should not be dismissed.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 6th day of May, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court